01
02
03
04
05
06
07
08       UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE
09

10  UNITED STATES OF AMERICA,        )
                                     )
11           Plaintiff,               )   Case No. 07-MJ-426
                                     )
12       v.                           )
                                     )   DETENTION ORDER
13  STACY EARL STITH,                 )
                                     )
14           Defendant.               )
    _____ )
15

16  <u>Offenses charged</u>:

17       Count 1 and 2: Distribution of Cocaine Base in the Form of Crack Cocaine in violation

18  of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

19       Count 3: Possession of Cocaine Base in the Form of Crack Cocaine with the Intent to

20  Distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

21  <u>Date of Detention Hearing</u>:   September 10, 2007.

22       The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

23  based upon the factual findings and statement of reasons for detention hereafter set forth, finds

24  the following:

25       <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

26       (1)   Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that

defendant is a flight risk and a danger to the community based on the nature of the pending charges. This places a limited burden of production on the defendant, although the burden of persuasion remains with the government. Application of the presumption in favor of detention is appropriate in this case.

    (2)    Defendant has a lengthy criminal record based upon his background history check.

    (3)    Defendant has on-going substance-abuse issues.

    (4)    Defendant has a history of failures to appear.

    (5)    Defendant has a history of failures to comply with Court Orders, indicating an unwillingness or inability to comply with terms of supervision.

    (6)    Defendant is associated with eighteen (18) alias names, five (5) dates of birth, and four (4) social security numbers.

    (7)    There appear to be no conditions or combination of conditions other than detention that will reasonably address the risk of flight and risk of danger to other persons or to the community.

IT IS THEREFORE ORDERED:

    (1)    Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2)    Defendant shall be afforded reasonable opportunity for private consultation with counsel;

    (3)    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

DETENTION ORDER   15.13
18 U.S.C. § 3142(i)   Rev. 1/91
PAGE 2

(4)    The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of September, 2007.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 3

15.13
Rev. 1/91