UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>STACY EARL STITH,<br><br>          Defendant. | CASE NO. CR07-0337JLR<br><br>ORDER |

Before the court is Defendant Stacy Earl Stith's motion for early termination of supervised release, or in the alternative for modification of the terms of supervised release. (Mot. (Dkt. # 137); Reply (Dkt. # 146).) Plaintiff the United States of America (the "Government") and United States Probation and Pretrial Services ("Probation") oppose Mr. Stith's motion. (Gov't Resp. (Dkt. # 141); Probation Resp. (Dkt. # 142 (sealed)).) The court has considered the parties' submissions, the relevant portions of the record, and applicable law. Being fully advised, the court DENIES Mr. Stith's motion.

ORDER - 1

In 2008, a federal jury convicted Mr. Stith, who already had a lengthy criminal history, of drug-related crimes. (Jury Verdict (Dkt. # 67); *see also* Gov't Resp. at 2 (citing Presentence Investigation Report).) In early 2009, this court sentenced Mr. Stith to 288 months' imprisonment followed by ten years of supervised release. (*See* Judgment (Dkt. # 75).) The court later reduced Mr. Stith's term of imprisonment pursuant to the First Step Act, and his ten-year term of supervised release began on November 30, 2020. (*See* 2d Am. Judgment (Dkt. # 110).) The following special conditions apply to Mr. Stith's supervised release: abstain from alcohol use; participate in substance abuse treatment; no self-employment; and submit to search. (*Id.* at 6.)

Thus far, Mr. Stith has avoided reoffending, maintained relationships with his family, and actively sought mental health treatment. (*See* Probation Resp. at 2-3.) Mr. Stith will soon be starting a job at a homeless shelter after a period of unemployment. (*Id.*) However, Mr. Stith has repeatedly violated the conditions of his supervised release, including as recently as March 10, 2023.[1] (*See* Gov't Resp. at 3-5 (listing noncompliance summaries and violation reports); Probation Resp. at 1-2 (same); *see generally* Dkt.) Most of Mr. Stith's violations have been the result of drug use, particularly marijuana.[2] (*See* Gov't Resp. at 3-5.) In addition to drug use violations, Mr. Stith has left the district

---

[1] On March 31, 2023, in proceedings before Magistrate Judge Mary Alice Theiler, Mr. Stith admitted to all violations of which he was accused on March 10, 2023. (*See* Dkt.) Mr. Stith's evidentiary hearing regarding the revocation of supervised release is set for Tuesday, April 18, 2023 before the undersigned. (*See id.*)

[2] According to the Government, Mr. Stith has not provided a single clean drug test, to which he submits twice each month. (Gov't Resp. at 3.)

without permission, engaged in employment without approval, and mistreated Probation officers. (*See id.*)

Mr. Stith acknowledges he "would not be as successful as he is if not for the help he has received through the Probation Office," but nevertheless argues that termination of his supervised release is warranted because continued supervision threatens his stability "by threatening reimprisonment." (Mot. at 4; *see also* Reply at 3-4.) The Government opposes this request, arguing that supervision is especially critical to those who have "been entrenched in criminal behavior for years," and that much of Mr. Stith's progress is likely attributable to the "safety net" provided by supervision. (Gov't Resp. at 6-7.)

In the alternative, Mr. Stith urges the court to modify the conditions of his supervised release by allowing Mr. Stith to use marijuana with the knowledge of his therapist. (Mot. at 5 (citing Medical Records (Dkt. # 138 (sealed))).) In support of this option, Mr. Stith argues that marijuana is legal, he uses it "for legitimate medical and psychological purposes," and this modification will threaten neither the public nor his own rehabilitation. (*Id.*) Mr. Stith does not ask the court to condition this modification on his receipt of a valid marijuana prescription. (*See generally id.*) The Government opposes the modification, arguing that most conditions of supervised release prohibit conduct that is otherwise legal and that Mr. Stith's reliance on informal drug networks to obtain marijuana may have led to his positive tests for fentanyl and cocaine in February 2023 and December 2021, respectively. (Gov't Resp. at 6.) Probation has observed that Mr. Stith does not have a marijuana card and that the symptoms he intends to treat with marijuana persist, notwithstanding his frequent marijuana use. (Probation Resp. at 3.)

1  After considering the factors set forth in 18 U.S.C. § 3553(a), a court may
2  "terminate a term of supervision . . . at any time after the expiration of one year of
3  supervised release" if such action is warranted by the defendant's conduct and in the
4  interests of justice. *See* 18 U.S.C. § 3583(e)(1). The court may also "modify, reduce, or
5  enlarge the conditions of supervised release, at any time prior to the expiration or
6  termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Here, the court
7  declines to do either. The court is pleased to see Mr. Stith's progress and joins the
8  Government and Probation in commending Mr. Stith for his success in avoiding criminal
9  activity, seeking mental health treatment, and working toward building a stable life.
10 However, the court is deeply troubled by Mr. Stith's continued drug use and his inability
11 to produce a single clean drug test. For that reason, and in light of Mr. Stith's extensive
12 criminal history, the court is not persuaded that terminating or modifying the conditions
13 of Mr. Stith's supervised release is warranted at this time.
14 Accordingly, having considered the 18 U.S.C. § 3553(a) factors, the court
15 DENIES Mr. Stith's motion for early termination of supervised release with prejudice
16 (Dkt. # 137).
17 Dated this 3rd day of April, 2023.

JAMES L. ROBART
United States District Judge